UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

BARCHANIQUA RUTLEDGE,

                              Plaintiff,

               v.

ANDREW M. SAUL,[1] Commissioner of
  Social Security,

                              Defendant.

**DECISION
and
ORDER

18-CV-1120F
(consent)**

_____

APPEARANCES:          LAW OFFICES OF KENNETH R. HILLER, PLLC
                                 Attorneys for Plaintiff
                                 KENNETH R. HILLER, and
                                 JUSTIN DAVID JONES, of Counsel
                                 6000 North Bailey Avenue
                                 Suite 1A
                                 Amherst, New York 14226

                                 JAMES P. KENNEDY, JR.
                                 UNITED STATES ATTORNEY
                                 Attorney for Defendant
                                 Federal Centre
                                 138 Delaware Avenue
                                 Buffalo, New York 14202
                                     and
                                 KRISTIN M. ROGERS
                                 Special Assistant United States Attorney, of Counsel
                                 Social Security Administration
                                 Office of General Counsel
                                 61 Forsyth Street, S.W.
                                 Suite 20T45
                                 Atlanta, Georgia 30303

---

[1] Andrew M. Saul became the Commissioner of the Social Security Administration on June 17, 2019, and, pursuant to Fed.R.Civ.P. 25(d), is substituted as Defendant in this case. No further action is required to continue this suit by reason of sentence one of 42 U.S.C. § 405(g).

## JURISDICTION

On October 7, 2019, the parties to this action, in accordance with a Standing Order, consented pursuant to 28 U.S.C. § 636(c), to proceed before the undersigned. (Dkt. 12). The matter is presently before the court on motions for judgment on the pleadings filed by Plaintiff on May 7, 2019 (Dkt. 9), and by Defendant on July 8, 2019 (Dkt. 10).

## BACKGROUND

Plaintiff Barchaniqua Rutledge ("Plaintiff" or "Rutledge")), brings this action under Titles II and XVI of the Social Security Act ("the Act"), 42 U.S.C. §§ 405(g) and 1383(c)(3), seeking judicial review of the Commissioner of Social Security's final decision denying Plaintiff's applications filed with the Social Security Administration ("SSA"), on July 9, 2014, for Social Security Disability Benefits ("SSDI"), under Title II of the Act and for Social Security Supplemental Income ("SSI") under Title XVI of the Act ("disability benefits"). Plaintiff alleges she became disabled on May 15, 2014, based on blindness in left eye, depression, amblyopia (lazy eye), and Fuch's corneal dystrophy (degenerative changes of cornea). AR[2] at 178, 182, 184, 214, 219.

Plaintiff's applications initially were denied on September 18, 2014, AR at 122-29, and at Plaintiff's timely request, AR at 132-34, on October 17, 2016, a hearing was held in Buffalo, New York ("the administrative hearing"), before administrative law judge ("ALJ") Lynette Gohr ("the ALJ). AR at 49-93. Appearing and testifying at the

---

[2] References to "AR" are to pages of the Administrative Record electronically filed by Defendant on March 8, 2019 (Dkt. 7).

administrative hearing were Plaintiff, then represented by Jeanne Murray, Esq., and vocational expert Michael A. Klein ("the V.E."). On February 14, 2017, the ALJ issued a decision denying Plaintiff's claim, AR at 16-36 ("the ALJ's decision"), which Plaintiff timely appealed to the Appeals Council. AR at 175. On August 15, 2018, the Appeals Council issued a decision denying Plaintiff's request for review of the ALJ's decision, AR at 1-7, rendering the ALJ's decision the Commissioner's final decision. Plaintiff then commenced this action on October 12, 2018, seeking judicial review of the ALJ's decision.

On May 7, 2019, Plaintiff moved for judgment on the pleadings (Dkt. 9) ("Plaintiffs' Motion"), attaching Plaintiff's Memorandum of Law in Support of Plaintiff's Motion for Judgment on the Administrative Record (Dkt. 9-1) ("Plaintiff's Memorandum"). On July 8, 2019, Defendant moved for judgment on the pleadings (Dkt. 10) ("Defendant's Motion"), attaching the Commissioner's Brief in Support of Commissioner's Motion for Judgment on the Pleadings and in Response to Plaintiff's Brief Pursuant to Local Rule 5.5 (Dkt. 10-1) ("Defendant's Memorandum"). Filed on July 29, 2019, was Plaintiff's Reply to Defendant's Brief in Support of the Defendant's Motion for Judgment on the Pleadings (Dkt. 11) ("Plaintiff's Reply"). Oral argument was deemed unnecessary.

Based on the foregoing, Plaintiff's Motion is DENIED; Defendant's Motion is GRANTED.

## **FACTS**[3]

Plaintiff Barchaniqua Rutledge ("Plaintiff" or "Rutledge"), born June 15, 1984, was 29 years old as of May 15, 2014, her alleged disability onset date ("DOD"), and 32 years old as of February 14, 2017, the date of the ALJ's decision. AR at 32, 54, 178, 184, 214. On July 20, 2015, Plaintiff was involved in a motor vehicle accident ("the accident"), sustaining injuries to her cervical and lumbar spines, and an impingement syndrome involving her right shoulder. AR at 304-12, 436.

Plaintiff attended high school in regular classes, and obtained an associate's degree, but has not received any vocational training. AR at 54, 67-68, 220. Plaintiff has previously worked in customer service for a call center, as a fast food worker, as a daycare provider in an in-home day care, and for a temporary agency. AR at 220. Since her alleged disability onset date ("DOD"), Plaintiff was briefly self-employed as a caterer, for less than 10 events, for which Plaintiff's income in 2015 approached $ 15,000. AR at 55-56. Plaintiff also catered two events in 2016, one attended by 25 people and other attended by 50 people, with Plaintiff earning $ 3,000 for the two events, the second and last of which was in February 2016. AR at 56-58.

Plaintiff lives in a house with her family, including four young children ranging in age from 5 to 12, AR at 60, 227, all of whom are in school, with Plaintiff's three boys involved in youth football. AR at 63. Plaintiff had a driver's license but has trouble seeing at night so she does not drive then, relying on family and friends for rides. AR at 60-61, 230-31. In August 2016, Plaintiff traveled with family by airplane to the Bahamas for a vacation where Plaintiff went to the bar. AR at 62. Plaintiff admits to having a

---

[3] In the interest of judicial economy, recitation of the Facts is limited to only those necessary for determining the pending motions for judgment on the pleadings.

drinking problem, and consumed a liter of vodka the day before the administrative hearing, which is what Plaintiff generally consumes when drinking. AR at 59, 64-65. Plaintiff admitted her drinking impairs her memory and ability to focus, AR at 74, and maintains she uses alcohol "as a crutch overall." AR at 76.

Plaintiff is able to tend to her personal care, shower, and dress. AR at 66. Plaintiff reported on her disability benefits claim being able to care for her children, perform household chores including laundry and meal preparation, and drive. AR at 228-30. Plaintiff maintains that since the accident, her ability to perform such activities of daily living greatly decreased and she relies on her oldest daughter, age 12, for many household chores and help with childcare, AR at 76-78, but Plaintiff remains able to go grocery shopping and clothes shopping for her children, AR at 78,

Plaintiff estimated she can sit for up to one hour before having to stand up and change position, can walk for ten minutes before having to stop, and can lift a gallon of milk, but has difficulty reaching over her head with her right arm, AR at 76-79, and took her children to Darien Lake, a local amusement park, during the summer of 2015. AR at 81.

It is undisputed that Plaintiff's vision in her left eye has been poor since childhood, and at an examination by Sandra Everett, M.D. ("Dr. Everett") at the Ross Eye Institute on May 13, 2014, Plaintiff's previous diagnosis for amblyopia was unchanged, with progressive high (degenerative) myopia newly diagnosed. AR at 273-75. On September 5, 2014, in connection with Plaintiff's disability benefits applications, Plaintiff underwent an internal medicine examination on a consultative basis by Hongbiao Liu, M.D. ("Dr. Liu"), AR at 279-83, who reported that with her left eye,

Plaintiff could visualize fingers at a distance of one meter, was in no acute distress, walked with normal gait, could walk on heels and toes without difficulty, stance was normal, and Plaintiff used no assistive devices. AR at 280-81. Dr. Lui opined Plaintiff "has mild-to-moderate limitation for any activity with acute visual acuity because of left eye vision impaired." *Id.* at 282.

Following Plaintiff's accident, on November 5, 2015, Plaintiff underwent an independent medical examination performed by orthopedic surgeon Robert Bauer, M.D. ("Dr. Bauer"), AR at 480-87, who reported Plaintiff had a normal gait and marked limitations in range of motion ("ROM") in her cervical and lumbar spine, but ROM improved with distraction. AR at 482. Dr. Bauer diagnosed Plaintiff with conditions causally related to the accident, including C5-C6 disc herniation, L5-S1 and L2-L3 disc herniations, and right shoulder bursitis, AR. at 482, opining Plaintiff could occasionally lift 10 lbs., but should refrain from repetitive twisting, turning and bending with the head, cervical spine, and lumbar torso, and refrain from any repetitive pushing, pulling, or overhead lifting with her right arm and shoulder. *Id.*

## DISCUSSION

1.  **Standard and Scope of Judicial Review**

A claimant is "disabled" within the meaning of the Act and entitled to disability benefits when she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 416(i)(1); 1382c(a)(3)(A). A district court may set aside the Commissioner's

determination that a claimant is not disabled if the factual findings are not supported by substantial evidence, or if the decision is based on legal error. 42 U.S.C. §§ 405(g), 1383(c)(3); *Green-Younger v. Barnhart*, 335 F.3d 99, 105-06 (2d Cir. 2003). In reviewing a final decision of the SSA, a district court "is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (internal quotation marks and citation omitted). "Substantial evidence is more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id*. It is not, however, the district court's function to make a *de novo* determination as to whether the claimant is disabled; rather, "the reviewing court is required to examine the entire record, including contradictory evidence and evidence from which conflicting inferences can be drawn" to determine whether the SSA's findings are supported by substantial evidence. *Id*. "Congress has instructed . . . that the factual findings of the Secretary,[4] if supported by substantial evidence, shall be conclusive." *Rutherford v. Schweiker*, 685 F.2d60, 62 (2d Cir. 1982).

**2.     Disability Determination**

The definition of "disabled" is the same for purposes of receiving SSDI and SSI benefits. *Compare* 42 U.S.C. § 423(d) *with* 42 U.S.C. § 1382c(a). The applicable regulations set forth a five-step analysis the Commissioner must follow in determining eligibility for disability benefits. 20 C.F.R. §§ 404.1520 and 416.920. *See Bapp v. Bowen*, 802 F.2d 601, 604 (2d Cir. 1986); *Berry v. Schweiker*, 675 F.2d 464 (2d Cir.

---

[4] Pursuant to the Social Security Independence and Program Improvements Act of 1994, the function of the Secretary of Health and Human Services in Social Security cases was transferred to the Commissioner of Social Security, effective March 31, 1995.

7

1982). If the claimant meets the criteria at any of the five steps, the inquiry ceases and the claimant is not eligible for disability benefits. 20 C.F.R. §§ 404.1520 and 416.920. The first step is to determine whether the applicant is engaged in substantial gainful activity during the period for which the benefits are claimed. 20 C.F.R. §§ 404.1520(b) and 416.920(b). The second step is whether the applicant has a severe impairment which significantly limits the physical or mental ability to do basic work activities, as defined in the relevant regulations. 20 C.F.R. §§ 404.1520(c) and 416.920(c). Third, if there is an impairment and the impairment, or its equivalent, is listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 of the regulations ("Appendix 1" or "the Listings"), and meets the duration requirement of at least 12 continuous months, there is a presumption of inability to perform substantial gainful activity, and the claimant is deemed disabled, regardless of age, education, or work experience. 42 U.S.C. §§ 423(d)(1)(A) and 1382a(c)(3)(A); 20 C.F.R. §§ 404.1520(d) and 416.920(d). As a fourth step, however, if the impairment or its equivalent is not listed in Appendix 1, the Commissioner must then consider the applicant's "residual functional capacity" or "RFC" which is the ability to perform physical or mental work activities on a sustained basis, notwithstanding the limitations posed by the applicant's collective impairments, *see* 20 C.F.R. 404.1520(e)-(f), and 416.920(e)-(f), and the demands of any past relevant work ("PRW"). 20 C.F.R. §§ 404.1520(e) and 416.920(e). If the applicant remains capable of performing PRW, disability benefits will be denied, *id.*, but if the applicant is unable to perform PRW relevant work, the Commissioner, at the fifth step, must consider whether, given the applicant's age, education, and past work experience, the applicant "retains a residual functional capacity to perform alternative substantial gainful work which exists

in the national economy." *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation marks and citation omitted); 20 C.F.R. §§ 404.1560(c) and 416.960(c). The burden of proof is on the applicant for the first four steps, with the Commissioner bearing the burden of proof on the final step. 20 C.F.R. §§ 404.1520(a)(4) and 416.920(a)(4); *Burgess v. Astrue*, 537 F.3d 117, 128 (2d Cir. 2008).

In the instant case, the ALJ found Plaintiff meets the insured status requirement though December 31, 2020, AR at 21, has engaged in substantial gainful activity since May 15, 2014, her alleged DOD, *id.*, and suffers from the severe impairments of major depressive disorder, migraines, herniated discs in the cervical spine with radiculopathy, herniated discs in the lumbar spine with impingement syndrome of the right shoulder with degenerative changes and bursitis, left eye amblyopia, and obesity, *id.* at 21-22, and non-severe impairments of alcoholism and high blood pressure, *id.* at 22, but does not have an impairment or combination of impairments meeting or medically equal to the severity of any listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Id.* at 22-24. The ALJ further found that despite her impairments, Plaintiff retains the RFC to perform light work as defined in 20 C.F.R. § 416.967(b),[5] except Plaintiff is further limited to occasionally climbing ramps and stairs, never climbing ladders, ropes, and scaffolds, occasionally balancing, stooping, kneeling, crouching, and crawling,

---

[5] As defined under the relevant regulations,
> Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

20 C.F.R. § 404.1567(a).

occasionally reaching overhead with her right upper extremity, should not work at unprotected heights, or around dangerous machinery, and should not perform jobs requiring near and/or far acute or depth perception with her left eye, and is limited to simple routine tasks and to simple work-related decisions, and should have minimal changes in work routines and processes. AR at 24-30. The ALJ further found Plaintiff remained capable of performing her PRW as a call service operator, a job which according to both the Dictionary of Occupational Titles ("DOT"), and as performed per Plaintiff's self-report, is unskilled work of a sedentary exertional level.[6] AR at 30-31. The ALJ further found, based on hypotheticals posed to the V.E., three other jobs Plaintiff could perform, also unskilled work of a sedentary exertional level, including order clerk, charge clerk, and survey system monitor. AR at 31. Based on these findings, the ALJ determined Plaintiff is not disabled as defined under the Act. *Id.* at 32.

Plaintiff does not contest the ALJ's findings with regard to the first three steps of the five-step analysis, but argues that at the fourth step, the ALJ erred by assigning significant weight to the medical opinion of orthopedic surgeon Robert Bauer, M.D. ("Dr. Bauer"), yet failing to incorporate all the limitations found by Dr. Bauer into the hypotheticals posed to the V.E., Plaintiff's Memorandum at 17-22, and further erred at the fifth step by failing to reconcile the V.E.'s testimony with the DOT's entries for the jobs the V.E. testified to, especially insofar as such jobs required greater visual acuity

---

[6] Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met. 20 C.F.R. § 404.1567(b).

than Plaintiff has based on her impaired eyesight in her left eye. *Id.* at 13-17. In opposition, Defendant argues the ALJ properly evaluated Dr. Bauer's opinion, Defendant's Memorandum at 10-13, and properly determined Plaintiff could perform her PRW as she actually performed it. *Id.* at 14-15. In reply, Plaintiff again argues the ALJ's failure to reconcile Plaintiff's RFC with Dr. Bauer's opinion requires remand, Plaintiff's Reply at 1-4, and remand is also warranted based on the ALJ's failure to reconcile the V.E.'s testimony with the relevant job descriptions in the DOT. *Id.* at 4-7. There is no merit to Plaintiff's arguments.

Preliminarily, although Plaintiff did perform substantial gainful activity ("SGA") after filing her disability benefits applications, there is no indication that Plaintiff continued to engage in SGA after February 14, 2016, such that the ALJ did not find Plaintiff not disabled based on her continued engagement in SGA. Accordingly, the ALJ proceeded to consider the remaining steps of the sequential evaluation.

With regard to the ALJ's asserted failure to incorporate into the hypotheticals posed to the V.E. all Plaintiff's limitations assessed by Dr. Bauer, including Plaintiff's physical limitations to lifting and carrying more than 10 lbs., repetitive twisting, turning and bending, and repetitive pushing, pulling, or overhead lifting with her right upper arm and shoulder, AR at 482, Plaintiff's PRW as a call service operator, as Plaintiff described the position, did not involve such actions. AR at 239-46. As such, the ALJ's failure to incorporate these limitations is, at most, harmless error because Plaintiff's PRW as a call service operator, described both by Plaintiff as well as under the DOT, does not require the skills Plaintiff maintains she is incapable of, including twisting, bending, and reaching overhead with her right upper extremity. *See Johnson v.*

11

*Comm'r of Soc. Sec.*, 2019 WL 3406610, at * 5 (W.D.N.Y. July 29, 2019) (where jobs identified by the VE and the ALJ do not require abilities beyond those of which the plaintiff is capable, the ALJ's failure to incorporate the relevant limitations into the hypotheticals posed to the VE is harmless error).

Nor did the ALJ err in failing to find Plaintiff's left eye vision impairment prevented her from performing her PRW. Significantly, although Plaintiff was newly diagnosed on May 13, 2014, with progressive high (degenerative) myopia, her amblyopia was unchanged, AR at 273-75, and no medical source in the record, including Dr. Everett, indicates Plaintiff's vision significantly deteriorated at that time based on the new diagnosis to point where Plaintiff was considered unable to perform basic work activities because of her diminished eyesight. This is consistent with Dr. Liu's assessment on September 5, 2014, that Plaintiff's left eye impairment caused a mild to moderate limitation for any activity with acute visual acuity, AR at 282, to which the ALJ gave partial weight insofar as this assessment was conducted prior to Plaintiff's automobile accident of July 20, 2015 and, thus, could not take into consideration Plaintiff's physical injuries resulting from the accident, but was nonetheless consistent with Dr. Everett's report of May 13, 2014 upon examining Plaintiff at the Ross Eye Institute. AR at 29-30.

Accordingly, the ALJ's determination that Plaintiff remained capable of performing her PRW is supported by substantial evidence in the record.

## **CONCLUSION**

Based on the foregoing, Plaintiff's Motion (Dkt. 9) is DENIED; Defendant's Motion (Dkt. 10) is GRANTED.  The Clerk of Court is directed to close the file.

SO ORDERED.

/s/ *Leslie G. Foschio*
_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED: March 31st, 2020
Buffalo, New York